UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICK R. SIMS                             CIVIL ACTION NO. 16-cv-0550

VERSUS                                   JUDGE HICKS

RIVERLAND PROPERTY, LLC, ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Rick Sims ("Plaintiff"), who is self-represented, alleges that one of his ancestors was issued a United States land patent for property in Ouachita County, Arkansas. He alleges that the three named defendants (an LLC and two individuals) claim an interest in the property adverse to Plaintiff but actually have no rights at all. Plaintiff asks the court to (1) declare that title to the Arkansas property is vested in him alone, (2) compel the defendants to transfer legal title and possession of the Arkansas property to Plaintiff, and (3) enjoin the defendants from asserting any interest in the property.

The court has an obligation to examine the basis for subject-matter jurisdiction even if no party contests the issue. Plaintiff alleges in his complaint that the court has jurisdiction based on diversity of citizenship, which is provided in 28 U.S.C. § 1332. Plaintiff alleges that he lives in Louisiana and the amount in dispute is greater than $75,000, but he does not allege the state or states in which the defendants are citizens. It is, therefore, impossible to say based on the information in the complaint whether there is a basis for diversity jurisdiction.

There is also a question of whether the local action doctrine deprives the court of jurisdiction. That doctrine provides that an action involving real property can only be brought within the territorial boundaries of the state where the land is located. The Fifth Circuit has applied the doctrine to a case in which the Western District of Louisiana decided a case regarding title to land in Mississippi. The Fifth Circuit held that the district court, "after determining that the land involved was situated in another state and another judicial district, should have dismissed the suit for lack of jurisdiction over the subject matter." <u>Iselin v. Meng</u>, 269 F.2d 345, 347 (5th Cir. 1959). The judgment rendered by the Louisiana district court regarding title to Mississippi land was "without validity." <u>Id</u>.

In another case, the Fifth Circuit stated that the local action doctrine was determined based on whether the law of the forum state characterized the action as local or transitory, and it cited a Louisiana Supreme Court decision for the proposition that Louisiana had rejected the local action doctrine. <u>Trust Co. Bank v. U.S. Gypsum Co.</u>, 950 F.2d 1144, 1149 (5th Cir. 1992). But a later Fifth Circuit case characterized that discussion of Louisiana law as "mere dictum." <u>Trizec Properties, Inc. v. U.S. Mineral Products Co.</u>, 974 F.2d 602, 604 (5th Cir. 1992). Thus, there is some question whether the local action doctrine precludes this court from exercising jurisdiction over the dispute to title of Arkansas land even if there is diversity of citizenship.

Another complication is that the general venue statute provides that "the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2). That language was added by the Federal

Courts Jurisdiction and Venue Clarification Act of 2011. The language abolished the local action doctrine to the extent that it is solely an issue of venue. But it is not clear what effect, if any, the statute has in jurisdictions (such as the Fifth Circuit) where the courts that have applied the local action doctrine as a matter of subject-matter jurisdiction rather than merely venue. See Eldee-K Rental Properties, LLC v. Direct TV, Inc., 748 F.3d 943, 948-49 (9th Cir. 2014); Rowe v. Aurora Commercial Corp., 2014 WL 3810786, *3 (S.D. W.V. 2014).

If this court lacks subject-matter jurisdiction because of the local action doctrine, it is appropriate to transfer the case to the district court in Arkansas where the property is located. Hayes v. Gulf Oil Corp., 821 F.2d 285, 286 (5th Cir. 1987) (finding jurisdiction lacking under the local action doctrine and directing the district court to transfer the case, pursuant to 28 U.S.C. § 1631, to the federal court where the property was located). Even if this court has subject-matter jurisdiction despite the local action doctrine, it may consider on its own whether the case was filed in a proper venue. If not, the court may dismiss the action or, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. §1406(a); Caldwell v. Palmetto State Sav. Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987).[1]

---

[1] If this court were a permissible venue, the court could still transfer the action, for the convenience of parties and witnesses, in the interests of justice, to any other district where it might have been brought. § 1404(a). Such convenience transfers may be made by the court without the necessity of a motion by a party. Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989).

The determination of whether this court is a proper venue is based on the provisions of the general venue statute, 28 U.S.C. § 1391(b). It provides:

A civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff does not allege where any of the defendants reside, but he does allege that he resides in Louisiana and that there is diversity of citizenship. If that is true, then none of the defendants reside in this state, which eliminates the first provision of the venue statute. The second provision allows venue where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property at issue is situated. There is no indication that there were any events or omissions in Louisiana that relate to this dispute, and the property at issue appears to be located entirely within Arkansas. The third prong is inapplicable because there is a district in Arkansas in which the action may otherwise be brought under the second prong.

It appears that this court is not a proper venue for this action. When that is the case, the district court shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which the case could have been brought. 28 U.S.C. § 1406. The

documents attached to Plaintiff's complaint indicate that the property at issue is located within Ouachita County, Arkansas, which is in the Eldorado Division of the Western District of Arkansas. A transfer of this civil action to that court is the appropriate course under these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be transferred to the Western District of Arkansas. The Clerk of Court is advised that the property at issue appears to be located in Ouachita County, so it may be appropriate to assign this case to the Eldorado Division.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of May, 2016.

Mark L. Hornsby
U.S. Magistrate Judge