IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICK R. SIMS                                                                                          PLAINTIFF

v.                                        Case No. 1:16-cv-1071

MICHAEL D. CALLOWAY
and SUZETTE CALLOWAY                                                                      DEFENDANTS

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Rick Sims, a resident of Louisiana, filed this diversity action to quiet title in certain property located in Ouachita County, Arkansas.[1] Sims is representing himself in this action and is seeking an order compelling Defendants, the Calloways, to "transfer legal title and possession of the subject property to [him]," declare that he is the rightful "holder of title to the property," and enjoin the Calloways from "claiming estate, right, title, or interest in said property." ECF No. 12, p. 5.

The Court held a bench trial on December 13, 2018, and heard testimony from Rick Sims, Michael Calloway and Janelle McLendon, an employee of Ouachita Abstract & Title Co., Inc. Having reviewed the record, witness testimony, and the evidence presented, the Court issues the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. For the reasons explained below, the Court finds that Plaintiff is not entitled to the injunctive and declaratory relief he seeks.

### I. FINDINGS OF FACT

On April 7, 1899, homestead certificate number 12165 was issued by the United States of America purportedly conveying to Jack Murphy the following described property in Ouachita

---

[1] Plaintiff also named Riverland Property LLC as a Defendant in this case. The Court, however, dismissed Riverland Property from this lawsuit during the bench trial held on December 13, 2018. *See* ECF No. 76.

County, Arkansas: the NE ¼ SW ¼ of Section 21, Township 15 South, Range 15 West, containing 40 acres, more or less (hereinafter referred to as "the property at issue"). *See* Defendants' Exhibit 1. Sims claims that he is an heir of Jack Murphy and thus has an interest in the property at issue. However, there is no evidence in the record that proves Sims is the heir of Jack Murphy. The evidence in the record establishes the chain of title for the property at issue and traces the property from the Calloways back to the land patent issued to Jack Murphy.[2] *See* Defendants' Exhibits 1 through 15. The evidence further establishes that the Calloways have been in possession of, paid taxes on, and maintained the property since at least 2008.

## II. CONCLUSIONS OF LAW

"A prima facie case to quiet title requires a showing that the plaintiff has legal title to the property and is in possession." *Stone v. Wash. Reg'l Med. Ctr.*, 2017 Ark. 90, at *9, 515 S.W.3d 104, 110. "[T]he plaintiff has the burden of establishing his or her title to the land." *Id.* In the present case, Sims has not made a prima facie case of quieting title because he is not in possession of the property at issue and has provided no evidence of legal title. Sims' claim of title to the property is premised on his assertion that he is an heir of Jack Murphy, the original landowner. However, Sims has not presented sufficient evidence to prove that he is an heir of Jack Murphy.

Even if possession was not a requirement for making out a prima facie case of quieting title, Sims still could not meet his burden of proof in this quiet-title action. When a person seeking to quiet title cannot show a "perfect claim of title" to the property at issue, "it shall be held to constitute a prima facie title if the petitioner shall show that: (1) [t]he petitioner and those under whom he or she claims, have had color of title to the land for more than seven (7) years; and (2) [d]uring that time the petitioner or those under whom he or she claims, have continuously paid the

---

[2] The chain of title evidence in the record establishes that the Calloways presently own an undivided 4/5 interest in the property at issue. The evidence does not establish who owns the remaining 1/5 interest in the property.

taxes thereon." Ark Code Ann. § 18-60-506.  Sims has submitted no evidence that he has had color of title to the property at issue for seven years or that he paid the taxes on the property for seven years.  In fact, the evidence in the record shows that the Calloways have paid taxes on the property at issue since at least 2008.  Consequently, there is no evidence in the record from which the Court can conclude that title to the property at issue should be quieted in Sims.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Sims is not entitled to the injunctive and declaratory relief he seeks.  Thus, Sims' complaint must is **DISMISSED WITH PREJUDICE**.  The Court will issue a separate judgment consistent with these Findings of Fact and Conclusions of Law.

**IT IS SO ORDERED**, this 8th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge